HEIRS OF MARTÍNEZ, RESPONDENTS, v. FERNÁNDEZ, APPELLANT.

APPEAL from the District Court of Mayagüez.

No. 909.—Decided February 21, 1913.

PROMISSORY NOTE—RENEWAL OF NOTE—DEMURRER—AMBIGUITY—BILL OF PARTICULARS.—When it is alleged in a complaint that the promissory note in litigation has been renewed or extended several times during the years 1907, 1909 and 1911, if the defendant desires to know the exact dates of the renewals, he should ask for a bill of particulars. It is not a prejudicial error to overrule a demurrer to the complaint based on ambiguity in that the complaint failed to state said dates.

ID.—RENEWAL OF NOTE—OBJECTIONS—WAIVER—PROMISE.—The defendant having made no objection to the testimony of witnesses introduced by the plaintiff to prove the verbal promises as to the renewal of the promissory note in litigation, it is presumed that he waived any right he might have had under section 42 of the Code of Civil Procedure to demand that the promise be shown in writing.

PRESCRIPTION—INTERRUPTION .OF PRESCRIPTION—PROMISSORY NOTE—CONTRACT—PROMISE—RENEWAL OF NOTE.—Even supposing that section 48 of the Code of Civil Procedure is applicable to every kind of interruption of prescription, it contains no provision requiring a plaintiff to allege in his complaint that the promise in a new contract was made in writing. A promissory note may be renewed by partial payments, therefore promise is not an indispensable requisite for the interruption of prescription.

JURISDICTIONAL DEFECTS — AMENDMENTS — BRIEF — ERRORS NOT ASSIGNED—WAIVER.—It is not a jurisdictional defect for the trial court to allow an unsworn amendment to a sworn complaint. The appellant having failed to allege this error in his brief, it must be deemed to have been waived in accordance with rules 42 and 43 of this court.

The facts are stated in the opinion.

*Messrs. José Sabater* and *José G. Torres* for appellant.

The respondents did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant in this case, sued upon a promissory note payable December 30, 1906, demurred to the same on the ground that the action had prescribed. The district court, trying the case *de novo* on appeal, sustained the demurrer, but permitted the complainant to amend at the trial. This he did in the following terms: ''That the promissory note described in the first paragraph of the complaint has been extended and renewed by the complainants on various occasions during the years 1907, 1909 and 1911, with the consent and on petition of the defendant.''

Upon such amendment being allowed the defendant demurred on the grounds that the complaint was ambiguous, unintelligible and uncertain, and that such complaint did not state a cause of action inasmuch as it did not set forth that the interruption of the prescription took place in writing in accordance with section 48 of the Code of Civil Procedure. The district court overruled the demurrer and the appellant alleges error.

With respect to the alleged ambiguity, the appellant maintains that no one could tell in what day, month or year the alleged renewals took place. Perhaps the court should have required the complainant to be a little more specific, but if this was any error it was harmless, as the defendant was clearly apprised that at various times before the period of prescription had been completed the defendant had renewed or extended his note, and if it were important for him to know the exact dates he could have applied for a bill of particulars.

With respect to the fact that the complaint failed to say that the new promise was in writing, it is difficult to tell to

what causes of action or kinds of prescription section 48 of the Code of Civil Procedure refers. The section is as follows:

"Section 48.—No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby."

The title relates principally to disabilities, and no distinct actions or periods of prescription are described. However, supposing that section 48 refers to all periods of prescription there is nothing in the code which requires that a complaint alleging a new promise must set forth that such new promise was in writing.

In the various States of the Union the evidence of certain contracts is required to be in writing, but it is not necessary to allege in a pleading that the defendant contracted in writing. Furthermore, a contract may be renewed by partial payments and promise is not the on'y indispensable thing to interrupt a period of prescription.

The case went on to trial and the opportune moment for the defendant to avail himself of the provisions of section 48, if applicable to his case, existed when evidence of verbal promises was given by the complainants. The defendant made no objection at the trial, and any objection to the failure to prove a new promise in writing was waived. *Falero* v. *Falero et al.*, 15 P. R. R., 111; 38 Cyc., 1393, 1395, Trial; 20 Cyc., 320, Statute of Frauds.

The defendant answered alleging payment. The district court considered the evidence and found that only about sixty dollars had been paid, and gave judgment for the balance, and no error is alleged.

In this court attorney for the appellant verbally alleged that the district court should not have allowed an unsworn amendment. As this was not a jurisdictional defect and was not raised below it must be held to be waived, especially as

it is not made an assignment of error as required by rules 42 and 43 of this court.

The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.